Case: 3:20-cv-00320-WHR Doc #: 3 Filed: 07/31/20 Page: 1 of 4 PAGEID #: 50

ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Wednesday, July 1, 2020 11:18:20 AM
CASE NUMBER: 2020 CV 01024 Docket ID: 34712954
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

IN THE COURT OF COMMON PLEAS

MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| **MIAMI VALLEY HOSPITAL** <br> One Wyoming Drive <br> Dayton, OH 45409 | ) <br> ) <br> ) <br> ) | CASE NO. 2020 CV 01024 <br><br> JUDGE MICHAEL W. KRUMHOLTZ |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | **AMENDED COMPLAINT** |
| **JEFFREY A. JONES** <br> 460 Marlena Drive <br> Wilmington, OH 45177 | ) <br> ) <br> ) <br> ) | |
| and | ) <br> ) | |
| **AHRESTY WILMINGTON CORPORATION** <br> **C/O REGISTERED AGENT** <br> **CT CORPORATION SYSTEM** <br> 4400 Easton Commons Way <br> Suite 125 <br> Columbus, OH 43219 | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

NOW COMES Plaintiff, Miami Valley Hospital Medical Center, by and through its counsel, and for its cause of action against Defendant, Jeffrey Jones, says that:

1. The within cause of action arose in Montgomery County, Ohio.

2. At all times relevant, Plaintiff, Miami Valley Hospital, was a not-for-profit corporation, registered in the State of Ohio, conducting business as a hospital.

3. At all times relevant, Defendant Jeffrey Jones was a resident of Wilmington, Ohio.

4. At all times relevant, Ahresty Wilmington Corporation is a Foreign Corporation licensed to do business in the State of Ohio.

**COUNT I**

5. Plaintiff, incorporates paragraphs 1 through 4 as if fully rewritten here.

6. Defendant Jones presented to Plaintiff's facility and was provided medical services on May 19, 2018, further identified as patient account no. *****0812.

7. Defendant provided evidence of health insurance coverage to the Plaintiff, specifically, United Medical Resources (UMR).

8. UMR is a third-party administrator for a self-funded plan, co-Defendant Ahresty Wilmington Corporation (AWC).

9. Plaintiff presented a claim to UMR/AWC for the medical services rendered.

10. AWC denied Plaintiff's claim because "information requested from the patient was not provided or was insufficient/incomplete." A copy of the explanation of benefits (EOB) is not attached to the complaint to protect Defendant's privacy, but will be filed under seal with this Court.

11. Plaintiff and/or its' agents contacted Defendant to advise that he needed to act or provide information to UMR before it would assume responsibility for Plaintiff's claim.

12. Defendant Jones signed a financial agreement taking responsibility for payment on the account. (Exhibit A, General Consent and Agreement).

13. Defendant has failed to cooperate with and/or provide UMR with necessary information so it could accept responsibility for Plaintiff's claim.

14. Defendant's failure to take action or provide information as required by UMR has caused damage to the Plaintiff in the amount of $17,132.50 for medical services.

15. Defendant Jones is indebted to Plaintiff in the amount of $17,132.50 for medical services rendered. A copy of the account statement is not attached to this Complaint in order to protect the patient's personal health information. However, a statement was provided to Defendant, and one will be provided to this Court upon request and under seal.

16. Defendant Jones is also a Medicaid beneficiary through coverage with Buckeye, an Ohio Medicaid managed care organization.

17. Under O.R.C. 2721.02, there is a justiciable controversy between the parties as to whether Mr. Jones has satisfied his contractual obligations under her agreement with UMR such that UMR must process and pay her claim.

## **COUNT II**

18. Plaintiff, incorporates paragraphs 1 through 16 as if fully rewritten here.

19. Defendant Jones is an employee of Defendant Ahresty Wilmington Corporation ("AWC") which manages Defendant's health insurance plan.

20. The claim for benefits was submitted to Defendant AWC via it's third-party administrator, UMR.

21. Defendant denied payment of the claim asking for other insurance information, despite having knowledge—as Plaintiff was its own employee—that no other insurance would take priority over payment of the claim.

22. Defendant Jones subsequently provided this information.

23. Defendant AWC still denied payment of this claim.

24. Plaintiff has exhausted all administrative remedies in appealing this claim and/or it would be futile to do so.

25. Demand has been made for payment of this claim, yet it remains outstanding.

26. Defendant's failure to process and pay this claim has resulted in damage to Plaintiff in the amount of $17,132.50.

WHEREFORE, Plaintiff, Miami Valley Hospital, prays for:

A) declaration of Defendant Jones's rights and responsibilities under the General Consent and Agreement; and

B) a judgment in the amount of $17,132.50 against Defendant Ahresty Wilmington Corporation along with any costs, attorneys fees, or other relief this Court deems just.

Respectfully submitted,

**DREYFUSS WILLIAMS & ASSOCIATES CO., L.P.A.**

By:*/s/ John F. Garswood*
John F. Garswood (#0091434)
Michael T. Williams (#0059933)
1801 East Ninth Street, Suite 1110
Cleveland, Ohio 44114-3103
Phone: (216) 241-5300
Fax: (216) 241-2735
Email: jfgarswood@dreyfuss.com
Email: mwilliams@dreyfuss.com

ATTORNEYS FOR PLAINTIFF