UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| MIAMI VALLEY HOSPITAL, | |
| Plaintiff, | Case No. 3:20-cv-320 |
| vs. | |
| JEFFREY A. JONES, *et al.*, | District Judge Michael J. Newman<br>Magistrate Judge Sharon L. Ovington |
| Defendants. | |

**ORDER DENYING PLAINTIFF MIAMI VALLEY HOSPITAL'S MOTION TO COMPEL (DOC. NO. 20)**

This Employee Retirement Income Security Act ("ERISA") case is before the Court on Plaintiff Miami Valley Hospital's ("Miami Valley's") motion to compel Defendant Ahresty Wilmington Corporation ("AWC") to supplement the administrative record. Doc. No. 20. AWC filed an opposition memorandum. Doc. No. 27. Miami Valley did not file a reply brief, and the time for doing so has passed.

Despite exhausting all extrajudicial means, the parties could not informally resolve their dispute and requested the Court's assistance. Doc. Nos. 25, 26. Accordingly, on April 26, 2021, the Court held oral argument on Miami Valley's motion. Doc. No. 29. Miami Valley's motion is now ripe for review.

**I.**

AWC administers an ERISA plan (the "Plan") that insured Defendant Jeffrey Jones. Doc. No. 9 at PageID 89; Doc. No. 23 at PageID 149. Jones received treatment at Miami Valley on May 19, 2018. Doc. No. 9 at PageID 88. He assigned his right to any health insurance benefits owed under the Plan to Miami Valley. *Id.* at PageID 89. Miami Valley submitted six claims for

benefits on Jones's behalf. Doc. No. 23 at PageID 310–29. AWC denied the claims because Miami Valley did not specify whether Jones's treatment was related to his "employment, an auto accident, or some other cause or condition." *Id.* at PageID 242, 307.

AWC sent Jones an explanation of benefits ("EOB") on May 31, June 29, and July 18, 2018. *Id.* at PageID 282–309. The EOBs explained why his claims were denied, the Plan provision the claims were denied under, what information was needed to perfect the claims, where to send the missing information, and how to appeal the denial. *Id.* Each EOB requested Jones's "immediate response." *Id.*

The Plan affords a claimant 12 months following the date of service to "submit a completed claim." *Id.* at PageID 174. "A complete claim means that the Plan has all information that is necessary to process the claim[,]" including, among other information, "[w]hether the patient's condition is related to employment, auto accident, or other accident." *Id.* at PageID 242. A claimant must "cooperate with the Plan in protecting the Plan's legal and equitable rights to subrogation . . . including . . . [p]roviding any relevant information requested by the Plan" and "[r]esponding to requests for information about any accident or [i]njuries." *Id.* at PageID 232. Claimants must notify AWC of any subrogation interests in "a timely manner." *Id.* A claim may be denied because the claimant "did not respond to a request for additional information needed to process the claim or appeal" and for "[i]ncomplete or inaccurate claim submission." *Id.* at PageID 244. Claimants have 180 days from the receipt of an EOB to appeal a denial of benefits. *Id.* at PageID 245.

Jones did not contact AWC's third-party administrator ("TPA") with the missing information until March 10, 2020, well after the deadline to perfect the claims (July 18, 2019) or to appeal the denial (January 14, 2019). Doc. No. 20 at PageID 132; Doc. No. 23 at PageID 174,

245. Jones explained, in his March 10, 2020 phone call with the TPA, that he had subrogation information related to an automobile accident. Doc. No. 20 at PageID 132. But the TPA then clarified that the 12-month claim perfection window had closed, and it would not accept new information. *Id.*

Thereafter, on July 1, 2020, Miami Valley filed suit against AWC in the Montgomery County, Ohio Court of Common Pleas for payment on Jones's claims. Doc. No. 3. AWC timely removed the complaint to federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. Doc. No. 1. After AWC filed the administrative record, Miami Valley moved to compel AWC to supplement the record with evidence of Jones's March 10, 2020 phone call. Doc. No. 20 at PageID 133. AWC refused, arguing that the call was properly excluded from the record because it took place more than 1 year after the denial of benefits. Doc. No. 27 at PageID 346. The parties were unable to resolve the dispute amongst themselves, and the Court heard oral argument on the motion on April 26, 2021. Doc. No. 29.

**II.**

Courts that review an administrator's denial of benefits are limited to the record before the administrator at the time of the decision. *See Wilkins v. Baptist Healthcare Sys.*, 150 F.3d 609, 615 (6th Cir. 1998). For this reason, the right to discovery in ERISA cases is far more restricted than in regular civil cases. *See, e.g.*, *Perry v. Simplicity Eng'g*, 900 F.2d 963, 967 (6th Cir. 1990). "Limited discovery may be appropriate, however, when consideration of evidence is necessary to resolve an ERISA claimant's procedural challenge to the administrator's decision." *Likas v. Life Ins. Co. of Am.*, 222 F. App'x 481, 486 (6th Cir. 2007). Procedural challenges concern due process violations or administrator bias. *See Cooper v. Life Ins. Co. of N. Am.*, 486 F.3d 157, 171 (6th Cir. 2007).

Miami Valley alleges neither a due process violation nor administrator bias. Doc. No. 20 at PageID 132. Miami Valley argues, instead, that AWC failed to include all relevant evidence in the administrative record by excluding evidence of Jones's March 10, 2020 phone call. *Id.* at PageID 133. Miami Valley's preferred remedy for this perceived deficiency is a remand to, and reconsideration by, the administrator. *Id.* Its argument, however, misses the mark on what evidence is "relevant" for judicial review of an ERISA benefits decision.

"Relevant" evidence in this context includes evidence that the administrator "relied upon in making the benefit determination [and] submitted, considered, or generated in the course of making the benefit determination." 29 C.F.R. § 2560.503-1(m)(8)(i)–(ii) (setting forth "minimum requirements for employee benefit plan procedures pertaining to claims for benefits by participants and beneficiaries"). An administrative record is incomplete when there are "factual gaps" that prevent a full review of the administrator's decision. *Daft v. Advest, Inc.*, 658 F.3d 583, 596 (6th Cir. 2011). Remand is appropriate when there are outstanding "factual determinations to be made" by the administrator. *Williams v. Int'l Paper Co.*, 227 F.3d 706, 715 (6th Cir. 2000).

Miami Valley contends that the March 10, 2020 call was relevant to AWC's decision because it involved information related to Jones's condition. Doc. No. 20 at PageID 133. While this is one element of a "complete claim" under the Plan, it ignores the Plan's 12-month claim perfection deadline. Doc. No. 23 at PageID 242. Because Jones's call was placed after July 18, 2019 (12 months after he received the final EOB), the information was not, nor could have been, before AWC when it denied Jones benefits on July 18, 2018. *Id.* at PageID 242, 282–309. Therefore, the March 10, 2020 phone call was not relevant as a matter of law to AWC's benefits determination.

### III.

Accordingly, the Court **DENIES** Miami Valley's motion to compel.

**IT IS SO ORDERED.**

Date:  May 27, 2021                               s/Michael J. Newman
 Hon. Michael J. Newman
 United States District Judge