UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MIAMI VALLEY HOSPITAL,

    Plaintiff,                                     Case No. 3:20-cv-320

vs.

JEFFREY A. JONES, *et al.*,               District Judge Michael J. Newman
                                                         Magistrate Judge Sharon L. Ovington

    Defendants.

_____

**ORDER: (1) GRANTING DEFENDANT AHRESTY WILMINGTON CORPORATION'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD (DOC. NO. 24); AND (2) TERMINATING THIS CASE ON THE DOCKET**
_____

This Employee Retirement Income Security Act ("ERISA") case is before the Court on Defendant Ahresty Wilmington Corporation's ("AWC's") motion for judgment on the administrative record. Doc. No. 24. Plaintiff Miami Valley Hospital ("Miami Valley") filed an opposition memorandum. Doc. No. 28. AWC did not offer a reply, and the time for doing so has expired. AWC's motion is now ripe for review.

The relevant facts and ERISA plan (the "Plan") terms at issue in this case were laid out in the Court's May 27, 2021 Order denying Miami Valley's motion to compel. Doc. No. 31. A summary, in lieu of a full recitation, of the facts here will suffice.

In short, Miami Valley sought to compel AWC to supplement the administrative record with notes from a call placed by the insured Defendant Jeffrey A. Jones to AWC's third-party administrator ("TPA"). Doc. Nos. 20, 28. Jones attempted to relay information to the TPA to perfect his claim, but he did so well after AWC had denied his benefits claim and outside the Plan's appeal window. Doc. No. 20 at PageID 132; Doc. No. 23 at PageID 174, 245. The Court ruled

that the call was appropriately excluded from the administrative record because it was not relevant -- as that term is defined by 29 C.F.R. §§ 2560.503-1(m)(8)(i)–(ii) -- to AWC's benefits decision. Doc. No. 31 at PageID 362.

In its response to AWC's motion for judgment on the administrative record, Miami Valley concedes that its ERISA claim is meritless if evidence of Jones's call is not included in the administrative record. Doc. No. 28 at PageID 354.[1] The Court agrees, because Miami Valley's sole argument for why AWC allegedly acted arbitrarily and capriciously concerns information outside the administrative record. *Id.* at PageID 354–55; *see, e.g.*, *Wilkins v. Baptist Healthcare Sys.*, 150 F.3d 609, 614–15 (6th Cir. 1998) (noting that although district courts review benefit denial decisions *de novo*, courts are "confined to the record that was before the Plan Administrator"). Accordingly, AWC's motion is **GRANTED**, and this case is hereby **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:  October 7, 2021                              s/Michael J. Newman
                                                    Hon. Michael J. Newman
                                                    United States District Judge

---

[1] Miami Valley also argues that it would have been futile for Jones to attempt to exhaust his administrative remedies before filing suit. Doc. No. 28 at PageID 355. This might be true, but it does not change the fact that the subrogation information was not before AWC during the decision-making period set forth by the Plan. Doc. No. 20 at PageID 132. Setting aside Jones's ability to exhaust his administrative remedies, Miami Valley still fails to demonstrate that AWC's decision was arbitrary and capricious. *See, e.g.*, *Moss v. Unum Life Ins. Co.*, 495 F. App'x 583, 590, 596–97 (6th Cir. 2012).